UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEITH M. CAPERS,                :
                                :   Civil Action No. 04-4448(FLW)
          Petitioner,           :
                                :
     v.                         :   **OPINION**
                                :
ALFARO ORTIZ, et al.,           :
                                :
          Respondents.          :

**APPEARANCES:**

    KEITH M. CAPERS, Petitioner pro se
    #416728
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**WOLFSON**, District Judge

This matter is before the Court on Petitioner Keith M. Capers' Petition for habeas corpus relief under 28 U.S.C. § 2254.

### I.  BACKGROUND

According to the allegations contained in the Petition, Petitioner, Keith M. Capers ("Capers"), is presently serving a thirty year prison term pursuant to his December 1, 1982 conviction in the Superior Court of New Jersey, Law Division, Camden County, for various offenses, including robbery, burglary, attempted murder, terroristic threats, aggravated assault, criminal sexual contact, criminal restraint, and possession of a weapon for an unlawful purpose.  Capers states that he attempted to appeal his conviction sometime between 1987 through 1989, but it was denied as untimely.  (Petition, ¶¶ 1-9).  He did not file

any motions, petitions, or other applications for collateral review of his conviction or sentence in state court. (Pet., ¶ 10).

Capers attaches to his federal habeas petition a copy of an opinion issued by the Superior Court of New Jersey, Appellate Division, on May 1, 2003, relating to a December 13, 2000 conviction in state court on charges similar to those for which he was convicted in 1982.

Capers contends that the State created a "fraudulent and rubber stamp" court record and faked appellate court decisions for the "personal purposes of punishment and prison."

## II.  ANALYSIS

### A.  Pro Se Pleading

Capers brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.  Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1]  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. 28 U.S.C. § 2254(c). The Supreme Court has made clear that a § 2254 petition which includes unexhausted as well as exhausted claims, *i.e.*, a "mixed petition", must be dismissed without prejudice. In other words, if any of the claims asserted in the habeas petition are unexhausted, the entire petition must be dismissed. See Rose, 455 U.S. at 510 (this is referred to as the "total exhaustion" rule). However, in Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), the Third Circuit has held that, while district courts have the discretion to stay "mixed petitions", when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action. 360 F.3d at 152.

In the present case, the petition, on its face, shows that Capers has failed to exhaust his state court remedies with respect to his 1982 state court conviction before seeking federal habeas relief. Capers states that his direct appeal was denied sometime in 1987, 1988, or 1989, as time-barred. (Petition, ¶ 9). He also admits that he never filed a motion or other application for post-conviction relief in state court with respect to his 1982 conviction. (Petition, ¶ 10). Therefore, it appears that Capers' petition raises a claim that was never raised on direct appeal or collateral review before the state

courts.  Because the claim was not actually and fairly presented for state court review, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

In addition, there is no indication from the petition that Capers' non-exhaustion of state court remedies should be excused.  Capers has not shown that there is an absence of available state process with respect to his unexhausted claims.  Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims."  Toulson, 987 F.2d at 987.

Thus, as a matter of comity, it is best left to the New Jersey courts to determine if they can still entertain Capers' unexhausted claims.  District courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits.  Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").  Here, no state court has concluded that Capers

is procedurally barred from raising his unexhausted claims. Therefore, because New Jersey law does not clearly require a finding of default, this Court is not prepared to presume that Capers' claim in this petition would necessarily be barred from state court review.

Alternatively, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987). However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." Id. at 186. "[T]he allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

Here, Capers alleges no facts suggesting that state procedures are in effect unavailable to him. At most, Capers refers to an appeal from another, more recent conviction, and

7

makes a frivolous claim that the state appellate court record was a "fraudulent and rubber stamp court document". There are no claims of constitutional dimension actually raised in this federal habeas petition. Therefore, the Petition will be dismissed for failure to exhaust state court remedies.[2]; and alternatively, for failure to assert a claim alleging a denial of a federal constitutional right.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the

---

[2] The Court alternatively notes that it could dismiss the petition because it fails to allege an actual denial of a federal constitutional right. Capers' asserted claim appears to be a frivolous allegation that the state appellate court filed a "fraudulent and rubber stamp" record in his second or later state court conviction. There is no asserted claim challenging the second or later conviction.

8

prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

### IV.   CONCLUSION

For the foregoing reasons, this Court finds that Capers has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  The Court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as Capers has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

 s/Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

DATED: July 11, 2005